1  Michele R. Stafford, Esq. (SBN 172509)
   Blake E. Williams, Esq. (SBN 233158)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mstafford@sjlawcorp.com
5  bwilliams@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                 UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 F. G. CROSTHWAITE, et al., as Trustees of          Case No.: C12-4343 YGR
   the OPERATING ENGINEERS' HEALTH
11 AND WELFARE TRUST FUND, et al.                     **JUDGMENT PURSUANT TO
                                                      STIPULATION**
12              Plaintiffs,

13        v.

14 C. APARICIO CEMENT CONTRACTOR,
   INC., a California corporation,
15
                Defendant.
16

17

18        IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

19 entered in the within action in favor of Plaintiffs OPERATING ENGINEERS' HEALTH AND

20 WELFARE TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"), and against Defendant C.

21 APARICIO CEMENT CONTRACTOR, INC., ("Defendant") and/or alter egos and/or successor

22 entities, as follows:

23        1.      Defendant entered into a valid Collective Bargaining Agreement with the

24 Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement").  This Bargaining

25 Agreement has continued in full force and effect to the present time.

26 / / /

27 / / /

28 / / /

2.	Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| January 2012 | Contribution Balance | $5,024.38 | |
| | 20% Liquidated Damages | $1,004.86 | |
| | 10% Interest (through 8/31/12) | $252.59 | |
| | | | $6,281.83 |
| February 2012 | Contribution Balance | $3,837.20 | |
| | 20% Liquidated Damages | $767.44 | |
| | 10% Interest (through 8/31/12) | $162.46 | |
| | | | $4,767.10 |
| March 2012 | Contribution Balance | $6,719.78 | |
| | 20% Liquidated Damages | $1,180.86 | |
| | 10% Interest (through 8/31/12) | $200.06 | |
| | | | $8,100.70 |
| April 2012 | Contributions | $3,343.69 | |
| | 20% Liquidated Damages | $570.30 | |
| | 10% Interest (through 8/31/12) | $73.24 | |
| | | | $3,987.23 |
| May 2012 | Contributions | $3,629.56 | |
| | 20% Liquidated Damages | $619.04 | |
| | 10% Interest (through 8/31/12) | $53.28 | |
| | | | $4,301.88 |
| June 2012 | Contributions | $5,195.74 | |
| | 20% Liquidated Damages | $886.18 | |
| | 10% Interest (through 8/31/12) | $39.94 | |
| | | | $6,121.86 |
| July 2012 | Contributions | $6,527.35 | |
| | 20% Liquidated Damages | $1,123.04 | |
| | 10% Interest (through 8/31/12) | $3.05 | |
| | | | $7,653.44 |
| 10% Liquidated damages incurred on previously late-paid contributions (9/11 – 12/11) | | | $2,379.72 |
| 10% Interest incurred on previously late-paid contributions (12/11) | | | $31.69 |
| | | **SUB-TOTAL:** | **$43,625.45** |
| **Attorneys' Fees (through 8/31/12)** | | | **$648.00** |
| **Cost of Suit** | | | **$350.00** |
| | | **TOTAL:** | **$44,623.45** |

3.	Defendant shall **_conditionally_** pay **$36,092.01**, representing all of the above amounts, less liquidated damages in the amount of **$8,531.44**. ***This waiver is expressly conditioned upon the Trustees' approval upon timely compliance with all of the terms of this Stipulation,*** as follows:

(a)	Beginning on or before September 15, 2012, and continuing on or before the 15th day of each month thereafter for a period of twelve (12) months through August 15, 2013, Defendant shall pay to Plaintiffs **$3,169.00** per month;

(b)	Payments may be made by joint check, cashier's check or other irrevocable

1  form of payment to be endorsed prior to submission;

2      (c)    Defendant shall have the right to increase the monthly payments at any time
3  and there is no penalty for prepayment;

4      (d)    Payments shall be applied first to unpaid interest and then to unpaid
5  principal.  The unpaid principal balance shall bear interest at the rate of 10% per annum, from
6  September 1, 2012, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust
7  Agreements;

8      (e)    Payments shall be made payable to the "*Operating Engineers' Trust
9  Fund*," and delivered to Blake E. Williams, Esq. at Saltzman & Johnson Law Corporation, 44
10  Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may
11  be specified by Plaintiffs, **to be received on or before the 15th day of each month**;

12      (f)    Defendant shall pay all additional costs and attorneys' fees incurred by
13  Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to
14  Plaintiffs under this Stipulation, regardless of whether or not there is a default herein;

15      (g)    Prior to August 15, 2013, the deadline for Defendant's last monthly
16  payment toward the balance owed under the Stipulation, Plaintiffs shall notify Defendant in
17  writing of the final amount due, including interest and additional attorneys' fees and costs, as well
18  as any other amounts due under the terms herein.  All additional amounts due pursuant to the
19  provisions hereunder shall be paid in full with the final stipulated payment;

20      (h)    At the time Defendant makes their last monthly payment toward the balance
21  owed under the Stipulation, Defendant may submit a written request for a waiver of liquidated
22  damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation
23  with that payment.  Defendant will thereafter be advised as to whether or not the waiver has been
24  granted.  If the waiver is granted, upon bank clearance of Defendant's last payment of the balance
25  and confirmation that Defendant's account is otherwise current, Plaintiffs will file a Notice of
26  Satisfaction of Judgment with the Court.  However, if the waiver is denied, monthly payments will
27  continue until all liquidated damages due have been paid; and

28

1              (i)        Failure to comply with any of the above terms shall also constitute a default

2 of the obligations under this Agreement and the provisions of ¶11 shall apply.

3            4.       Beginning with contributions due for hours worked by Defendant's employees

4 during the month of August 2012, which are due no later than September 15, 2012 and delinquent

5 if not received by September 25, 2012, and for every month thereafter, Defendant **shall remain**

6 **current in reporting and payment of any contributions** due to Plaintiffs under the current

7 Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if

8 any, and the Declarations of Trust as amended.   **Defendant shall submit a copy of the**

9 **contribution report for each month, together with a copy of that payment check, either by**

10 **email to both bwilliams@sjlawcorp.com and qlu@sjlawcorp.com, or by facsimile to Blake E.**

11 **Williams at 415-882-9287, or to such other fax number as may be specified by Plaintiffs,**

12 **prior to, or concurrent with, sending the payment to the Trust Fund office.**   Failure by

13 Defendant to timely submit copies of current contribution reports and payments to Blake E.

14 Williams as described above shall constitute a default of the obligations under this agreement.

15            5.       Defendant shall make full disclosure of all jobs on which they are working by

16 providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the

17 name and address of job, general contractor information, certified payroll if a public works job,

18 and period of work.   **Defendant shall submit said updated list each month together with the**

19 **contribution report (as required by this Stipulation) either by email to both**

20 **bwilliams@sjlawcorp.com and qlu@sjlawcorp.com, or by facsimile to Blake E. Williams at**

21 **415-882-9287**.   This requirement remains in full force and effect regardless of whether or not

22 Defendant has ongoing work.   In this event, Defendant shall submit a statement stating that there

23 are no current jobs.   A blank job report form is attached hereto for Defendant's use, as ***EXHIBIT***

24 ***A***.   **To the extent that Defendant is working on a Public Works job, or any other job for**

25 **which Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports**

26 **will be emailed or faxed to Blake E. Williams, concurrently with their submission to the**

27 **general contractor, owner or other reporting agency**.   Failure by Defendant to timely submit

28 updated job lists shall constitute a default of the obligations under this agreement.

6.     Failure by Defendant to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

7.     **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement.

(a)     In the event that Defendant has an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees;

(b)     Defendant will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Blake E. Williams;

(c)     If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due;

(d)     If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing;

(e)     If Defendant is unable to make payment in full, Defendant may submit a

1   written request to revise this Judgment, modifying the payment plan (by monthly amount and/or

2   payment term), to add the amounts found due in the audit to this Judgment, subject to the terms

3   herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or

4   Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended

5   Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a

6   default of the terms herein; and

7           (f)     Failure by Defendant to submit either payment in full or a request to add the

8   amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute

9   a default of the obligations under this agreement. All amounts found due on audit shall

10  immediately become part of this Judgment.

11      8.     Carolyn Aparicio acknowledges that she is the Secretary/Treasurer of C. Aparicio

12  Cement Contractor, Inc. (hereinafter "Guarantor"), and confirms that she is personally

13  guaranteeing, and will be jointly and severally liable, the amounts due pursuant to the terms of this

14  Stipulation and further acknowledges that all affiliates, related entities, purchasers, and successors

15  in interest to C. APARICIO CEMENT CONTRACTOR, INC., as well as any other entity in

16  which she has an interest, shall also be bound by the terms of this Stipulation as Guarantors, and

17  also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.

18      9.     In the event that any check is not timely submitted, is submitted by

19  Defendant/Guarantors but fail to clear the bank, or is unable to be negotiated for any reason for

20  which Defendant/Guarantors are responsible, this too shall be considered to be a default on the

21  Judgment entered.  If Defendant/Guarantors fail to submit contribution reports, and/or certified

22  payroll reports (if any) and/or job lists, and/or fail to comply with *any* of the terms of the

23  Stipulation herein, this too shall constitute a default.

24      10.    If a default occurs, Plaintiffs shall make a written demand, sent to

25  Defendant/Guarantors by facsimile and first class mail to cure said default.  Default will only be

26  cured by the issuance of a replacement, cashier's check if the default is caused by a failed check,

27  or at the request of Plaintiffs, to be delivered to Saltzman and Johnson Law Corporation *within*

28  *seven (7) days* of the date of the notice from Plaintiffs.  If Defendant/Guarantors elect to cure said

1  default, and Plaintiffs elect to accept future payments, all such payments shall be made by

2  cashier's check if the default is caused by a failed check.

3       11.    In the event the default is not cured, all amounts remaining due hereunder, as well

4  as any additional amounts due pursuant to the terms herein, shall be due and payable on demand

5  by Plaintiffs as follows:

6       (a)    The entire amount of **$44,623.45** plus interest, reduced by principal

7  payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

8  liquidated damages and 10% per annum interest thereon, shall be immediately due, together with

9  any additional attorneys' fees and costs incurred in this action, including those identified under

10  section (d) below;

11       (b)    A Writ of Execution may be obtained against Defendant/Guarantors without

12  further notice, in the amount of the unpaid balance, plus any additional amounts under the terms

13  herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any

14  payment theretofore made by or on behalf of Defendant/Guarantors and the balance due and

15  owing as of the date of default.  <u>Defendant/Guarantors specifically consent to the authority of a</u>

16  <u>Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of</u>

17  <u>Execution</u>;

18       (c)    Defendant/Guarantors waive notice of Entry of Judgment and expressly

19  waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized

20  representative of Plaintiffs as to the balance due and owing as of the date of default shall be

21  sufficient to secure the issuance of a Writ of Execution; and

22       (d)    Defendant/Guarantors shall pay all additional attorneys' fees and costs

23  incurred by Plaintiffs in connection with this matter, including those incurred for collection and

24  allocation of the amounts owed by Defendant/Guarantors to Plaintiffs under this Stipulation.  The

25  additional attorneys' fees and costs shall be paid by Defendant/Guarantors as set forth above,

26  regardless of whether or not Defendant/Guarantors default under the terms of this Stipulation.

27       12.    Any failure on the part of the Plaintiffs to take any action against

28  Defendant/Guarantors as provided herein in the event of any breach of the provisions of this

1  Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantors of
2  any provisions herein.

3       13.    In the event of the filing of a bankruptcy petition by Defendant/Guarantors, the
4  parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to
5  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)
6  and shall not be claimed as a preference under 11 U.S.C. Section 547 or otherwise.
7  Defendant/Guarantors nevertheless represent that no bankruptcy filing is anticipated.

8       14.    This Stipulation is limited to the agreement between the parties with respect to the
9  delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantors to
10 the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.
11 Defendant/Guarantors acknowledge that the Plaintiffs expressly reserve their right to pursue
12 withdrawal liability claims, if any, against Defendant/Guarantors as provided by the Plaintiffs'
13 Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and
14 the law.

15      15.    Should any provision of this Stipulation be declared or determined by any court of
16 competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and
17 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said
18 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
19 Stipulation.

20      16.    This Stipulation contains all of the terms agreed by the parties and no other
21 agreements have been made.  Any changes to this Stipulation shall be effective only if made in
22 writing and signed by all parties hereto.

23      17.    This Stipulation may be executed in any number of counterparts and by facsimile,
24 each of which shall be deemed an original and all of which shall constitute the same instrument.

25      18.    The parties agree that the Court shall retain jurisdiction of this matter until this
26 Judgment is satisfied.

27 / / /

28 / / /

1    19.    All parties represent and warrant that they have had the opportunity to be or have

2  been represented by counsel of their own choosing in connection with entering this Stipulation

3  under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily

4  and without duress.

5  Dated: November 27, 2012          **C. APARICIO CEMENT CONTRACTOR, INC.**

6

7                                 By: _____/s/_____

8                                      Andrew John Aparicio, RMO/CEO/President

8  Dated: November 27, 2012          **CAROLYN APARICIO, Secretary/Treasurer**

9

10                                By: _____/s/_____

10                                     Individually as personal guarantor

11  Dated: October __, 2012

12

13                                By: _____

14                                     Individually as personal guarantor

15  Dated: October __, 2012

16

17                                By: _____
                                       Individually as personal guarantor

18  Dated: November 29, 2012          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

19

20                                By: _____/s/_____
                                       David E. Hayner

21                                     Collections Manager

22  Dated: November 27, 2012          **SALTZMAN & JOHNSON LAW CORPORATION**

23

24                                By: _____/s/_____
                                       Blake E. Williams, Esq.

25                                     Attorneys for Plaintiffs

25  **IT IS SO ORDERED.**

26  **IT IS FURTHER ORDERED** that all dates on calendar in this matter are **VACATED** accordingly.

27  Dated: December 10, 2012          _____

28                                     **YVONNE GONZALEZ ROGERS**
                                       **UNITED STATES DISTRICT COURT JUDGE**

# *Exhibit A*

### *JOB REPORT FORM*
**\*\*\* Updated report must be emailed to mstafford@sjlawcorp.com or
faxed to Blake E. Williams Esq., at (415) 882-9287
on or before the 15th day of each month \*\*\***

Employer Name: **C. APARICIO CEMENT CONTRACTOR, INC.**

Report for the month of _____ year of _____ Submitted by (name): _____

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

*\*\*\* Attach additional sheets as necessary \*\*\**